**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:07-CV-123**

**UNITED JOINT VENTURE, LP**                                                                                     **APPELLANT**

**V.**

**JERRY E. WOOTEN and**
**JEAN E. WOOTEN**                                                                                                         **APPELLEES**

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court upon an appeal from the bankruptcy court. The Appellant contends that the bankruptcy court committed a clear error when it granted the Debtor-Appellees a discharge after the Appellant presented evidence that they had transferred property, prior to filing for bankruptcy, with the intent to hinder, delay, or defraud their creditors. Fully briefed, this matter is ripe for decision. For the following reasons, the decision of the bankruptcy court is **AFFIRMED**.

**I. FACTS**

      In September 2005, the Debtor-Appellees filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code. Shortly thereafter, the Creditor-Appellant, United Joint Venture, LP ("UJV") filed a complaint to deny discharge, alleging that the Debtor-Appellants had violated 11 U.S.C. § 727 by transferring two vehicles to their sons, shortly before filing for bankruptcy, in an attempt to defraud their creditors. The bankruptcy court held a hearing on the matter. At the hearing, the Debtor-Appellee, Mr. Wooten, testified that in the summer of 2005, he and his wife transferred two vehicles that were originally titled in their names to their two sons. He testified that he transferred aa 1991 Lexus and a 1996 Chevy Trailblazer to his then 25-year-old and 21-year-old sons. He further testified that he and his wife had originally bought the vehicles for their sons when they were teenagers; that they had titled them in their (the parents') names for insurance purposes;

and that their sons had possessed and driven their respective vehicles for some time. Based upon the testimony of Mr. Wooten and upon the fact that the vehicle transfers had been disclosed in the Debtor-Appellees' Statement of Financial Affairs, the bankruptcy court concluded that the UJV had failed to establish that the Debtor-Appellees intended to hinder, delay, or defraud their creditors when they transferred the two vehicles to their sons.

## II. STANDARD OF REVIEW

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the bankruptcy court's finding of fact under a clearly erroneous standard, but reviews de novo the bankruptcy court's conclusions of law. Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 631 (6th Cir. 1994).

## III. ANALYSIS

The Creditor-Appellants argue that the bankruptcy court committed clear error when it found that the Debtor-Appellees had not violated 11 U.S.C. §727(a)(2) by transferring two vehicles to their sons prior to filing for bankruptcy. They argue that the timing of the transfers and the lack of consideration shows the Debtor-Appellees' intent to defraud their creditors.

Section §727(a)(2) provides as follows:

> (a) The court shall grant the debtor a discharge, unless--
>  (2) the debtor, with an intent to hinder, delay, or defraud a creditor . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
>   (A) property of the debtor, within one year before the date of the filing of the petition . . . .

11 U.S.C. §727 requires a showing of actual intent. A finding of actual intent "may be based upon circumstantial evidence or on inferences drawn from a course of conduct, since a debtor is not likely

to testify that his or her intent was fraudulent." Carlson v. Brandt, 250 B.R. 366, 375 (N.D. Ill. 2000)(citing Matter of Krehl, 86 F.3d 737, 743 (7th Cir. 1996)).  However, because often the "intent issue will turn on the credibility and demeanor of the debtor...the reviewing court typically defers to the bankruptcy court's conclusions." In re Watman, 301 F.3d 3, 8 (1st Cir. 2002).

Here, although the Creditor-Appellant has presented circumstantial evidence from which a fact-finder could infer fraudulent intent, such as the timing of the vehicle transfers and the lack of consideration given therefor, the Court declines to disturb the findings of the bankruptcy court.  The bankruptcy court reasonably concluded based upon the Debtor-Appellee's testimony and his disclosure of the vehicle transfers in his Statement of Financial Affairs that the Debtor-Appellee lacked the requisite intent. Because the "bankruptcy court in its trial was best able to judge the subjective intentions of the parties," the Court declines to "second-guess its judgment." In re Nichols, 1995 U.S. App. LEXIS 4087, *7 (6th Cir. 1997)(citing F.R.B.P. 8013).

### IV. CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is **AFFIRMED.**

**IT IS SO ORDERED**.

cc: Counsel of Record

   USBC WD/KY
   Joan Cooper, USBC Judge